| | |
|---|---|
| 1 | **SANDERS LAW GROUP** |
| 2 | Craig Sanders, Esq. (Cal Bar 284397)<br>Jacqueline Mandel, Esq. (Cal Bar 317119)<br>333 Earle Ovington Blvd, Suite 402 |
| 3 | Uniondale, NY 11534<br>Tel: (516) 203-7600 |
| 4 | Email: csanders@sanderslaw.group<br>Email: jmandel@sanderslaw.goup |
| 5 | File No.: 126859 |
| 6 | *Attorneys for Plaintiff* |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Reed Timmer, | Case No. 8:23-cv-00993-JWH-DFM |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC** |
| v. | |
| Real News No Bullshit LLC, | Action Filed: June 8, 2023 |
| Defendant. | Judge: Hon. John W. Holcomb<br>Date: December 15, 2023<br>Time: 9:00 am<br>Location:<br>   Courtroom 9D, 9th Floor<br>   411 W. 4th Street<br>   Santa Ana, California 9270 |

Case No. 8:23-cv-00993-JWH-DFM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

    I.     INTRODUCTION ..............................................................................1

    II.    JURISDICTION AND VENUE ........................................................1

    III.   PROCEDURAL POSTURE ...............................................................1

    IV.   PARTIES ............................................................................................2

    V.    STATEMENT OF FACTS .................................................................2

    VI.   ARGUMENT ......................................................................................4

        A. The Procedural Requirements for Entry of a Default Judgment Have Been Met ................................................................4

        B. The Substantive Requirements for Entry of a Default Judgment Have Been Met ................................................................5

        C. The *Eitel* Factors Support Entry of a Default Judgment against Defendant ..............................................................................6

            i.     Plaintiff Will Suffer Prejudice Unless a Default Judgment is Entered ....................................................................6

            ii.    Plaintiff's Claims Are Meritorious .......................................6

            iii.   The Allegations of the Complaint are Sufficient to Establish Claims of Direct Copyright Infringement and Violations of 17 U.S.C § 1202 ....................................................7

            iv.   The Money at Stake Is Not Disproportionately Large ...........7

            v.    Defendant's Default was not due to Excusable Neglect .........9

            vi.   Policy Favoring Decisions on the Merits is not Applicable ................10

        D. Plaintiff's Request for a Default Judgment in the Amount of $36,250 in Statutory Damages for Direct Infringement is Appropriate ...............................................................................10

Case No. 8:23-cv-00993-JWH-DFM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

E.  Plaintiff Requests an Attorneys' Fee Award ............................................. 13

F.  Plaintiff Seeks an Award of Costs in the Amount of $534.00 ................. 13

VII.  CONCLUSION ............................................................................................. 13

SANDERS LAW GROUP

Case No. 8:23-cv-00993-JWH-DFM                             - i -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

# TABLE OF AUTHORITIES

**Cases**

*ACS Recovery Servs., Inc. v. Kaplan*,
 No. CV 09-01304 JSW, 2010 WL 144816, at *6 (N.D. Cal. Jan. 11, 2010) .......8

*Amini Innovation Corp. v. KTY Intern. Marketing*,
 768 F.Supp.2d 1049 (C.D. Cal. 2011) ........................................................9, 13

*Cripps v. Life Ins. Co. of No. Am.*,
 980 F.2d 126 (9th Cir. 1992) ............................................................................6

*Danning v. Lavine*,
 572 F.2d 1386, 1388 (9th Cir. 1978) ................................................................7

*Dolman v. Agee,*
 157 F.3d 708 (9th Cir. 1998) ..........................................................................10

*Eitel v. McCool*,
 782 F.2d 1470 (9th Cir. 1986) ................................................................ passim

*Ellison v. Robertson*,
 357 F.3d 1072 (9th Cir. 2004)...........................................................................6

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*,
 344 U.S. 228 (1952)........................................................................................13

*Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*,
 499 U.S. 340 (1991).........................................................................................7

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*,
 886 F.2d 1545 (9th Cir. 1989) ........................................................................14

*Getty Images (U.S.), Inc. v. Virtual Clinics*,
 2014 WL 1116775 (W.D. Wa. 2014) ...............................................................9

*Globe Ent. & Media, Corp. v. Glob. Images USA*,
 No. 220CV11630CASKSX, 2022 WL 2703845 (C.D. Cal. July 11, 2022)
 ............................................................................................................ 9, 10, 13

*Harris v. Emus Records Corp.*,
  734 F.2d 1329 (9th Cir. 1984) ...................................................................14

*Los Angeles News Service v. Reuters Television Intern., Ltd.*,
  149 F.3d 987 (9th Cir. 1998) .....................................................................13

*Microsoft Corp. v. McGee*,
  490 F. Supp. 2d 874 (S.D. Ohio 2007) ............................................... 10, 13

*Mullane v. Central Hanover Trust Co.*,
  339 U.S. 306, 314 (1950).............................................................................11

*New Form, Inc. v. Tekila Films, Inc.*,
  357 F. App'x 10 (9th Cir. 2009)...................................................................13

*PepsiCo, Inc. v. Cal. Sec. Cans*,
  238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002) ...............................................8

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
  219 F.R.D. 494, 498 (C.D. Cal. 2003).........................................................6

*Rolex Watch U.S.A., Inc. v. Watch Empire LLC*,
  2015 WL 9690322, at *4 (C.D. Cal., 2015) ............................................8, 9

*Rovio Entm't Ltd v. Royal Plush Toys, Inc.*,
  2014 U.S. Dist. LEXIS 37022, 2014 WL 1153780 (N.D. Cal. Mar. 20, 2014) ..13

*S.O.S. Inc. v. Payday, Inc.*,
  886 F.2d 1081, 1085 (9th Cir. 1989) ...........................................................7

*Sadowski v. Shivley*,
  No. 1:18-CV-01703-MC, 2019 WL 5589077, at *3 (D. Or. 2019)...................10

*Stross v. Z Lifestyle LLC*,
  2020 WL 13556135 (S.D. Cal. 2020).........................................................10

*TelePhotograph Sys., Inc. v. Heidenthal*,
  826 F.2d 915, 917–18 (9th Cir. 1987) ............................................... 2, 6, 10

*Twentieth Century Fox Film Corp. v. Entertainment Distributing*,
  429 F.3d 869, 885 (9th Cir. 2005) ..............................................................15

Case No. 8:23-cv-00993-JWH-DFM                 - iii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

*Universal City Studios, Inc. v. Film Ventures Int'l, Inc.,*
   543 F. Supp. 1134, 1140 (C.D. Cal. 1982) ...................................................................7

*Warner Bros. Enter. V. Caridi,*
   346 F.Supp. 2d 1068, 1074 (C.D. Cal. 2004) ............................................................8, 11

**Statutes**
17 U.S.C.
   § 1203(b)(5) .................................................................................................................14
   § 504(a)-(b) ..................................................................................................................14
   § 504(c) ....................................................................................................................8, 14
   § 504(c)(1)(2) .................................................................................................................8
   § 505 .............................................................................................................................15

28 U.S.C.
   § 1331 .............................................................................................................................1
   § 1338(a) ........................................................................................................................1
   §1391(a)(2) .....................................................................................................................1

50 U.S.C. App. § 521 ..........................................................................................................5

**Rules**

Fed. R. Civ. Pro.
   12(a)(1)(A)(i) ............................................................................................................5, 11
   55(b)(2) .......................................................................................................................1, 5
   55(a) ...............................................................................................................................4
   55(b) ...............................................................................................................................5
   *Civ. L.R. 55-3* ..............................................................................................................14

Case No. 8:23-cv-00993-JWH-DFM           - iv -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

## I. INTRODUCTION

Plaintiff Reed Timmer ("*Plaintiff*") respectfully submits the instant Memorandum in support of his motion for a default judgment against Defendant, Real News No Bullshit LLC ("*Defendant*") pursuant to Fed. R. Civ. Pro. 55(b)(2). Plaintiff brings this motion by reason of the fact that Defendant was properly served with the Summons and Complaint in this action yet failed to timely appear or otherwise respond to same. As a result, Plaintiff asked the Clerk of the Court to enter a notation of default, which request was granted. Consequently, Plaintiff seeks a default judgment in the total amount of $39,559. This sum is comprised of the following amounts: (1) statutory damages for direct infringement in the amount of $36,250; (2) attorneys' fees in the amount of $2,775; and (3) costs in the amount of $534.00.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Orange County, California. Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## III. PROCEDURAL POSTURE

Plaintiff commenced this action upon the filing of a Complaint with this Court on June 8, 2023. (*Dkt. No.* 1, et seq.). The Clerk of the Court issued the requested summons on June 9, 2023. (*Dkt. No.* 7). Defendant was served with process on August 10, 2023, and proof of such service was filed with the Court on August 11, 2023. (*Dkt. No.* 14). As a result, Defendant's answer was due on or before August 31, 2023. *Text only entry dated August 11, 2023.*

In light of Defendant's failure to appear or otherwise respond in this action,

Case No. 8:23-cv-00993-JWH-DFM     - 1 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

on September 13, 2023, Plaintiff filed a request for the clerk to issue a certificate of default against Defendant. (*Dkt. No.* 15, et seq.). On September 21, 2023, the clerk issued a certificate of default. (*Dkt. No.* 16). Plaintiff now brings the instant motion for entry of a default judgment.

### IV.   PARTIES

Plaintiff Reed Timmer is an individual who is a citizen of the State of Colorado and resides in Jefferson County, Colorado.

Upon information and belief, Defendant Real News No Bullshit LLC, is a California limited liability corporation with a principal place of business at 6342 Industry Way, Suite B, Westminster in Orange County, California.

### V.   STATEMENT OF FACTS

This is an action for copyright infringement. Plaintiff's claims arise from Defendant's unlawful expropriation and publication of one (1) copyright protected video created by Plaintiff. The facts of this case are set forth at length in the Complaint filed in this action (*Dkt. No.* 1) as well as in the accompanying Declaration of Reed Timmer (the "*Timmer Dec.*"). Consequently, for the sake of judicial economy, the facts are merely summarized herein, for context only[1].

Plaintiff is a professional videographer by trade who is the legal and rightful owner of videos he authors which he licenses to online and print publications. Plaintiff has invested significant time and money in building his video portfolio. (*Dkt. No.* 1 at ¶¶ 10-11). Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs, while others are the subject of pending copyright

---

[1] Since this is a default case, all factual allegations in Plaintiff's Complaint must be accepted as true, except those relating to damages. *TelePhotograph Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Case No. 8:23-cv-00993-JWH-DFM                          - 2 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

applications. (*Id.* at ¶ 12). Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests. (*Id.* at ¶ 13).

Defendant is a media company that owns and operates a social media account at domain instagram.com known as @realnewsnobullshit (the "*Account*"). (*Id.* at ¶ 3). Upon information and belief, Defendant monitors the content on its Account. (*Id.* at ¶ 32). Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right. (*Id.* at ¶ 31).

On April 29, 2022, Plaintiff created a video of a drone capture of a tornado occurring over Andover, Kansas (the "*Video*"). (*Dkt. No.* 1-1). The Video was registered by the United States Copyright Office on June 3, 2022, under Registration No. PA 2-360-287. (*See Dkt. No.* 1 at ¶¶ 14-16; *Dkt. No.* 1-1; *see also the Timmer Dec.* at ¶¶ 6-7).

On July 30, 2022, Plaintiff observed the Video on the Account as part of an online post dated April 29, 2022 (the "*Infringement*"). (*See Dkt. No.* 1 at ¶¶ 21; 23; *Dkt. No.* 1-2). The Video was displayed on the Account as part of a post at URL https://www.instagram.com/p/Cc9VwhsrVps/ (*Dkt. No.* 1 at ¶ 21; *Dkt. No.* 1-2). The Infringement is an exact copy of Plaintiff's original Video that was directly copied and displayed by Defendant on the Account. (*Dkt. No.* 1 at ¶ 26; *Timmer Dec. at* ¶ 13).

Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement. (*Id.* at ¶ 33; *Timmer Dec.* at ¶ 16). Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its advertising revenues and/or news sales. (*Id.* at ¶ 34; *Timmer Dec.* at ¶ 17). Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Account. (*Id.* at ¶ 35; *Timmer Dec.* at ¶ 18).

Case No. 8:23-cv-00993-JWH-DFM                - 3 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

Plaintiff did not authorize Defendant's use of his Video, nor did Plaintiff license Defendant the right to use his Video in any manner nor did he assign any of his exclusive rights in the Copyright to Defendant. (*Dkt. No*. 1. at ¶¶ 24; 44. *Timmer Dec*. at ¶ 12). As a result of Defendant's misconduct, Plaintiff has been substantially harmed. (*See Dkt. No*. 1 at ¶ 40; *Timmer Dec*. at ¶¶ 19-20).

Plaintiff has been deprived of the benefit of his work and copyright, to the extent that Defendant did not purchase a license from Plaintiff to use the Video and separately derived profits from the Infringement. Despite having been personally served with process, Defendant has failed to respond to the Complaint or otherwise appear in this action, thereby rendering the Infringement willful.

## VI.  ARGUMENT

Plaintiff respectfully requests that a default judgment be entered against Defendant, insofar as all the procedural and substantive requirements have been met to establish Plaintiff's *prima facie* claims.

### A. The Procedural Requirements for Entry of a Default Judgment Have Been Met

The Federal Rules of Civil Procedure ("*FRCP*") describe a two-step process for the entry of a default judgment. FRCP 55(a)-(b). First, the Clerk of the Court must enter a default where the plaintiff demonstrates that the defendant has failed to plead or otherwise defend the action. FRCP 55(a). Second, following the entry of the notation of default, the Court may enter a default judgment upon application by the plaintiff. FRCP 55(b). Local Rule 55-1 of the United States District Court for the Central District of California further requires that a Motion for Default judgment be accompanied by a Declaration that includes the following information: (i) when and against which party the default was entered; (ii) the identification of the pleading to which default was entered; (iii) whether the defaulting party is an infant or incompetent person; (iv) that the Service members Civil Relief Act (50 U.S.C. App.

Case No. 8:23-cv-00993-JWH-DFM      - 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

§ 521) does not apply; and (v) that notice has been served on the defaulting party if that party has appeared in the action. FRCP 55(b)(2).

In this action, all the applicable procedural requirements for entry of a default judgment have been satisfied. More specifically, Plaintiff commenced this action upon the filing of a Complaint with this Court on June 8, 2023. (*Dkt. No.* 1.) The Clerk of the Court issued the requested summons on June 9, 2023. (*Dkt. No.* 7). Defendant was served with process on August 10, 2023, and proof of such service was filed with the Court on August 11, 2023. (*Dkt. No.* 14). Pursuant to FRCP 12(a)(1)(A)(i), Defendant's answer or other response to the Complaint was due on or before August 31, 2023. Fed. R. Civ. Pro. 12(a)(1)(A)(i).

As was set forth *supra*, on September 13, 2023, Plaintiff filed a request for the Clerk to issue a notation of default against Defendant (*Dkt. No.* 15, et seq.), which request was granted on September 21, 2023. (*Dkt. No.* 16). Plaintiff has included with this motion the Declaration of Jacqueline Mandel, Esq., which meets all the Local Rule 55-1 requirements. In light of the foregoing, Plaintiff has satisfied all procedural requirements so as to entitle it to entry of a default judgment.

### B. The Substantive Requirements for Entry of a Default Judgment Have Been Met

As the Ninth Circuit has held, in order for a plaintiff to establish a *prima facie* claim for copyright infringement, it must simply show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). In the case-at-bar, Plaintiff has established a *prima facie* claim for copyright infringement insofar as he has: (i) presented the Court with a valid copyright registration for the subject Video; (ii) presented the Court with proof of Defendant's reproduction of the Video; and (iii) has attested that such reproduction was without Plaintiff's license, consent, or approval.

### C. The *Eitel* Factors Support Entry of a Default Judgment against Defendant

A district court considers the following factors (commonly known as the *Eitel* factors) in determining whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's claims; (3) the sufficiency of the complaint; (4) the sum of the money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy underlying the Federal Rules favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the Complaint, except those relating to … damages, will be taken as true. *TelePhotograph*, 826 F.2d at 917-918. The Complaint is reviewed to determine whether the alleged facts support the requested relief. *Cripps v. Life Ins. Co. of No. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

#### i. Plaintiff Will Suffer Prejudice Unless a Default Judgment is Entered

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel,* 782 F.2d at 920. In this case, if a default judgment is not entered, Plaintiff will be denied a remedy until such time as Defendant decides and/or is permitted to participate in this action, which may never occur. Thus, there is a sufficient likelihood of prejudice that weighs strongly in favor of granting a default judgment.

#### ii. Plaintiff's Claims Are Meritorious

The second and third *Eitel* factors require that the plaintiff "state a claim on which (it) may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In this case, Plaintiff's Complaint pleads facts sufficient, as a matter of law, to

Case No. 8:23-cv-00993-JWH-DFM                           - 6 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

establish that Defendant is liable for direct copyright infringement of Plaintiff's copyrighted Video in violation of 17 U.S.C. § 501.

### iii. The Allegations of the Complaint are Sufficient to Establish Claims of Direct Copyright Infringement <u>and Violations of 17 U.S.C § 1202</u>

The third *Eitel* factor asks the Court to consider whether the allegations of the Complaint are sufficient to establish an infringement as a matter of law. Here, Plaintiff has presented proof of authorship of the subject Video, together with proof of registration with the USCO. This satisfies Plaintiff's *prima facie* burden of proof. *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). That is because under 17 U.S.C. § 401(c), a certificate of registration establishes a rebuttable presumption of ownership, originality, and validity in the Photograph. *S.O.S. Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989).

As to the second prong—copying of elements of the original work—a plaintiff must demonstrate "(1) circumstantial evidence of the defendant's access to the copyrighted work; and (2) substantial similarity between the copyrighted work and the defendant's work." *Universal City Studios, Inc. v. Film Ventures Int'l, Inc.,* 543 F. Supp. 1134, 1140 (C.D. Cal. 1982).

Here, Plaintiff has shown that Defendant clearly had access to the Video, insofar as it had been published by Plaintiff. As to the second element, to say that there is a "substantial similarity" between the works would be an understatement. Indeed, a side-by-side comparison of Plaintiff's copyright protected Video and Defendant's infringement will yield a conclusion that they are identical.

### iv. <u>The Money at Stake Is Not Disproportionately Large</u>

The fourth *Eitel* factor focuses on the amount of money at stake in relation to the seriousness of the defendant's conduct. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Under this factor, Courts frequently evaluate the public's interest in ensuring the integrity of copyright laws by looking

at the severity of the infringers' conduct–where the infringing conduct is severe, a Court is more likely to award higher statutory damages, as higher awards will deter such conduct in the future. *Warner Bros. Enter. V. Caridi*, 346 F.Supp. 2d 1068, 1074 (C.D. Cal. 2004). Ultimately, if the sum of money at issue is "reasonably proportionate to the harm caused by the defendant's actions, properly documented, and contractually justified, then default judgment is warranted." *ACS Recovery Servs., Inc. v. Kaplan*, No. CV 09-01304 JSW, 2010 WL 144816, at *6 (N.D. Cal. Jan. 11, 2010) (internal citations omitted). Further, in a default judgment context, not only are copyright plaintiffs entitled to elect statutory damages over actual damages, but in electing such statutory damages "the Court must accept as true Plaintiff(s') factual allegations that Defendant (…) acted willfully." *Rolex Watch U.S.A., Inc. v. Watch Empire LLC*, 2015 WL 9690322, at *4 (C.D. Cal. 2015).

Pursuant to 17 U.S.C. § 504(c)(1) and (2), in the context of statutory damages, the range of a statutory damages award can fall anywhere between $750 and $30,000 per work infringed, however, where willfulness is found, such statutory damages award may be increased to as much as $150,000. 17 U.S.C. § 504(c)(1)(2). In fact, even total recoveries (i.e., for multiple infringements) that have exceeded $150,000 have been deemed "not proportionately large" for purposes of this *Eitel* factor. *See Amini Innovation Corp. v. KTY Intern. Marketing*, 768 F.Supp.2d 1049 (C.D. Cal. 2011) (finding total recovery of $151,000 for five claims of copyright infringement not proportionally large given value of works infringed and that "due to Defendant's lack of participation in this suit, (Plaintiff) has been robbed of the opportunity to actually prove its damages, which may be much larger than statutory damages."); *see also Rolex Watch U.S.A., Inc.*, 2015 WL 9690322, at *4 (on a default judgment, finding award of maximum statutory damages for each of five infringements "reasonably proportionate to the harm Defendant caused"); *see also Getty Images (U.S.), Inc. v. Virtual Clinics*, 2014 WL 1116775, at *2-3 (W.D. Wa. 2014) (in

Case No. 8:23-cv-00993-JWH-DFM   - 8 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

default judgment context, although amounts of infringer's profits and plaintiff's lost revenues are uncertain and likely "relatively modest," the maximum statutory damages award was nevertheless appropriate, given that plaintiff's images are "particularly subject to adverse commercial consequences when they are infringed because the images lose their exclusivity" and that "the broader impact of infringement on revenue generation supports a heightened statutory damages award").

In this case, Plaintiff is seeking statutory damages in the amount of $36,250 for what would have been the licensing fee, multiplied by a factor of five (5) by reason of Defendant's willful infringement of the Video. Plaintiff submits these amounts are reasonable, relatively modest, and proportionate to the harm caused by Defendant, and is also warranted to deter future infringements by this Defendant, as well as other would-be infringers.

Here, since Defendant has defaulted, the Court may find that Defendant acted willfully, merely by virtue of its default. *See Globe Ent. & Media, Corp. v. Glob. Images USA*, No. 220CV11630CASKSX, 2022 WL 2703845, at *6 (C.D. Cal. July 11, 2022) ("(w)here the defendant has defaulted, willful copyright infringement is proven") (quoting *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007)).

### v. The Material Facts have not been Disputed

When a Defendant defaults, all well-pleaded allegations in the Complaint, except those relating to damages, are accepted as true. *TelePhotograph Sys. Inc.,* 826 F.2d at 917-18. In this case, Plaintiff's Complaint alleges facts necessary to support his claim for direct copyright infringement, and no dispute has been raised as to the material allegations in the Complaint.

### vi. Defendant's Default was not due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether the Defendant's

Case No. 8:23-cv-00993-JWH-DFM    - 9 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.

default resulted from excusable neglect. Due process requires that interested parties be given notice of an action and be afforded an opportunity to object before final judgment issues. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950).

Defendant was served with a true and correct copy of the Summons and Complaint on August 10, 2023, and proof of such service was filed with the Court via ECF on August 11, 2023. (*Dkt. No.* 14). Pursuant to FRCP 12(a)(1)(A)(i), Defendant's answer or other response to the Complaint was due on or before August 31, 2023. Fed R. Civ. Pro. 12(a)(1)(A)(i). Defendant failed to file an answer or otherwise respond to the Complaint, and the time within which to do so has expired and has not otherwise been extended. Therefore, Defendant was given actual notice of the claim before and after commencement of the litigation. Defendant has chosen to ignore the litigation and therefore its actions (or inactions) cannot be the product of excusable neglect.

### vii. Policy Favoring Decisions on the Merits is not Applicable

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc.*, 346 F.Supp.2d at 1073. In the instant case, the only reason this lawsuit cannot proceed is because Defendant, after receiving proper notices, failed to appear. Accordingly, this factor favors Plaintiff's Motion for Default Judgment.

In summation, the *Eitel* factors weigh heavily in Plaintiff's favor, and Plaintiff respectfully requests that the Court grant this motion and enter a default judgment against Defendant.

### D. Plaintiff's Request for a Default Judgment in the Amount of $36,250 in Statutory Damages for Direct Infringement is Appropriate

For the reasons previously discussed, Plaintiff's request for a default judgment in the amount of $36,250 for Defendant's infringement of the Video is appropriate

and warranted. Section 504 of the Copyright Act sets forth the damages available to Plaintiff here. Under Section 504(c), Plaintiff may elect an award of statutory damages of a sum not less than $750 or more than $30,000, as the court considers just. Pursuant to subsection 504(c)(2), where willful infringement is established, as it is in this case, the Court in its discretion may increase the award of statutory damages of a sum of not more than $150,000.

In support of his request for an award of statutory damages, Plaintiff has provided a Getty Images comparable for the fee charged for a video similar to that of Plaintiff's Video, when such is licensed for commercial and advertorial use, showing a value of $7,250.00. Plaintiff respectfully submits that such amount should be accepted by the Court as the most relevant starting point. Since Defendant's infringement upon Plaintiff's copyright in the Video is established to be willful on the aforementioned grounds, it is appropriate to multiply this sum by a factor of five (5), to arrive at an award in the amount of $36,250. This award is both proportionate to the damage incurred by Plaintiff, and sufficient to serve the well-established punitive and deterrent purpose of these damages.

In support, it is respectfully submitted that statutory damages "are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 F. App'x 10, 11 (9th Cir. 2009). Copyright owners are entitled to statutory damages for each infringement with respect to any one work. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). "(S)tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). In the current case, Defendant's failure to participate in this action rendered a determination of plaintiff's actual damages impossible. Courts in this Circuit and elsewhere have regarded an award of $30,000 for similar infringements as appropriate, as in *Globe*

*Ent. & Media, Corp.* 2022 WL 2703845 and *Curet-Velàzquez v. ACEMLA De P.R., Inc.*, 656 F.3d 47, 52 (1st Cir. 2011).

A statutory damages award within the limits prescribed by Congress is appropriate "(e)ven for uninjurious and unprofitable invasions of copyright." *New Form, Inc.*, 357 Fed. Appx. at 11 (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)). Unlike actual damages, statutory damages have a punitive purpose "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *F.W. Woolworth Co.*, 344 U.S. at 233). Courts regularly award amounts in excess of $100,000 for default judgments concerning copyright infringement.[2] Additionally, the Complaint alleges that Defendant acted willfully, which allegation of willfulness must be accepted as true in the context of a default judgment. *Rolex Watch U.S.A., Inc.*, 2015 WL 9690322, at *4).

Plaintiff elects to recover statutory damages in this case. Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Video was first published on April 29, 2022, and registered with the USCO on June 3, 2022. As such, the Video was registered within the three-month grace period provided under 17 U.S. Code § 412(2). The Court has wide discretion in determining the amount of statutory damages to be awarded, "constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

---

2   See, e.g., *Amini Innovation Corp.*, 768 F. Supp. 2d at 1058 (awarding $150,000 in statutory damages); *Microsoft Corp. v. Nop*, 549 F. Supp. 2d at 1238 (awarding $970,000 in statutory damages); *Rovio Entm't Ltd v. Royal Plush Toys, Inc.*, 2014 U.S. Dist. LEXIS 37022, 2014 WL 1153780, at *3 (N.D. Cal. Mar. 20, 2014) (affirming the magistrate judge's recommendation to award $700,000 in statutory damages).

Here, Plaintiff was denied that right to seek actual damages because Defendant simply appropriated the Video for its own commercial purpose and then defaulted, thereby depriving Plaintiff of the ability to prove the benefit Defendant conferred on itself by stealing Plaintiff's Video. Therefore, the statutory award should be sufficient to punish Defendant for its brazen theft of Plaintiff's property.

### E. Plaintiff Requests an Attorneys' Fee Award

Plaintiff seeks an award of attorneys' fees in the amount of $2,775 pursuant to Section 1203(b)(5) of the Copyright Act. 17 U.S.C. § 1203(b)(5). In a copyright action, it is appropriate for a court to award a prevailing plaintiff reasonable attorney's fees and costs. *See Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989). The Local Rules provide a fee schedule for awarding attorney's fees in a default judgment case. *See Civ. L.R. 55-3*. Application of Local Rule 55-3 here results in a fee award of $2,775 based upon a total damages award sought in the amount of $36,250.

### F. Plaintiff Seeks an Award of Costs in the Amount of $534.00

Under Section 505 of the Copyright Act, 17 U.S.C. § 505, a plaintiff may recover its full costs. *See also Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir. 2005). Plaintiff respectfully requests a cost award in the amount of $534.00, comprised of the following: (1) filing fee: $402.00; and (2) process server fees to serve the summons and complaint: $132.00. *See Exhibit 1 to the accompanying Declaration of Jacqueline Mandel*.

### VII. CONCLUSION

For all the reasons set forth above, Plaintiff asks the Court to enter a default judgment in the amount of $39,559 together with any such other and further relief as this Court deems just, equitable, and proper.

//
//

DATED: November 2, 2023

        Respectfully submitted,

        **SANDERS LAW GROUP**

By:   */s/ Jacqueline Mandel*
Craig Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11534
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.goup
File No.: 126859

*Attorneys for Plaintiff*

Case No. 8:23-cv-00993-JWH-DFM      - 14 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT REAL NEWS NO BULLSHIT LLC.